Filed 23 May 03 P9:31
Marilyn Burgess - District Clerk
Harris County
EA001_1720599
By: WASHINGTON, ASONAFER

THE STATE OF TEXAS
VS.
**ANTHONY CRAIG MITCHELL**
**3702 WOODVALLEY DR**
**HOUSTON TX 77025**

SPN: 01814954
DOB: B M 01/05/1983
DATE PREPARED: 05/03/2023

D.A. LOG NUMBER: 2939757
CJIS TRACKING NO.: 9270534634A001
AGENCY:**HPD**
O/R NO: 062387523
ARREST DATE: 05/03/2023 11:28am

NCIC CODE: **5203 03**           RELATED CASES:

FELONY CHARGE: **Unlawful Possession of Firearm by Felon**

CAUSE NO: **181797001010**
HARRIS COUNTY DISTRICT COURT NO: **178**
FIRST SETTING DATE: **5/5/2023**

COURT ORDERED BAIL: Refer to (15.17)
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **ANTHONY CRAIG MITCHELL**, hereafter styled the Defendant, heretofore on or about **May 3, 2023**, did then and there unlawfully, intentionally and knowingly possess a firearm at a location other than the premises at which the Defendant lived, after being convicted of the felony offense of Possession with Intent to Deliver Manufacture in the 263rd District Court of Harris County, Texas, in Cause Number 1237460, on January 13, 2010.

Before the commission of the offense alleged above, on May 20, 2004, in Cause No. 0971152, in the 228th District Court of Harris County, Texas, the Defendant was convicted of the felony offense of Possession with Intent to Deliver Manufacture.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on 05/03/2023

Rochelle McConaga
AFFIANT

Duly attested by me on 05/03/2023

Mick Sellergren
Assistant District Attorney
Harris County District Attorney's Office
TBC No. 24108963
SELLERGREN_MICK@DAO.HCTX.NET

**COMPLAINT**

Certified Document Number: 107967101 - Page 1 of 1

D.A. LOG NUMBER: 2939757
DEFENDANT: **ANTHONY CRAIG MITCHELL**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 29, 2024

Certified Document Number:        107967101

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

## Harris County Criminal District Docket Sheet

| THE STATE OF TEXAS VS. MITCHELL, ANTHONY CRAIG | Bond: $25,000 |
|---|---|
| Cause No.: 181797001010-3  Court: 178th<br>Offense: FELON POSS WPN                    Level: 3rd Degree Felony<br><br>Charging Instrument: Felony Indictment<br><br><br>GENERAL ORDERS OF THE COURT | Next Setting:<br>Case Disposition:<br>Case Status:   Active - CRIMINAL<br>Defendant Status: Bond Made |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 5/3/2023 | Felony Complaint Filed<br>OFFENSE: FELON POSS WPN          3rd Degree Felony<br>Bond Amount: $0 |
| 5/3/2023 | MOTION FILED: ST MO BND CONDS. |
| 5/3/2023 | MOTION FILED: ST MO SUFF  BAIL |
| 5/3/2023 | PRELIMINARY ASSIGNED COURT APPEARANCE SETTING: 5/5/2023 9:00 AM |
| 5/4/2023 | |
| 5/4/2023 | PROBABLE CAUSE FOUND, STATUTORY WARNINGS GIVEN TO DEFENDANT |
| 5/4/2023 | Individual Assessment Held |
| 5/4/2023 | COMMITMENT ISSUED–FELONY<br>BOND AMOUNT: $25,000 |
| 5/4/2023 | BOND APPROVED AMOUNT $25,000<br>TYPE: SURETY TIME: 0826<br>BONDSMAN: ASC-PRUETT, CARL R |
| 5/4/2023 | BOND FILED AMOUNT $25,000<br>TYPE: SURETY TIME: 2010<br>BONDSMAN: ASC-PRUETT, CARL R |
| 5/4/2023 | ORDER: FINANCIAL AFFIDAVIT FILED |
| 5/4/2023 | ORDER: GRTD SET BAIL $25000 H/O AM |
| 5/4/2023 | ORDER: PRETRIAL COURTESY SUPERVISION GRANTED |
| 5/4/2023 | PC FOUND AND WARNINGS GIVEN 6/01/2023 09:30 AM Arraignment |
| 5/5/2023 | Defendant MITCHELL, ANTHONY CRAIG appeared without counsel |
| 5/5/2023 | MOTION FILED: S/M BOND CONDITIONS |
| 5/5/2023 | ORDER: PTRL COURTESY SUPV AMND |
| 5/5/2023 | Reset By Agreement Of Both Parties 5/04/2023 01:00 AM Probable Cause Hearing |
| 5/9/2023 | ORDER: PTRL COURTESY SUPV AMND |
| 6/1/2023 | On Docket In Error 8/30/2023 09:30 AM Examing Trial |
| 8/23/2023 | GRAND JURY ACTION: Felony Indictment GJ COURT: 339<br>OFFENSE: FELON POSS WPN          3rd Degree Felony<br>BOND AMOUNT: $25,000 |
| 8/30/2023 | |

### Harris County Criminal District Docket Sheet

| | |
|---|---|
| 8/30/2023 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 8/30/2023 | On Docket In Error, 8/30/2023 09:30 AM DCM Evidence Exchange |
| 8/30/2023 | Reset Upon Defense Request, 10/09/2023 09:30 AM DCM Comprehensive PreTrial Conference |
| 10/9/2023 | |
| 10/9/2023 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 10/9/2023 | Reset By Agreement Of Both Parties, 10/12/2023 09:30 AM DCM Comprehensive PreTrial Conference |
| 10/12/2023 | |
| 10/12/2023 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 10/12/2023 | MOTION FILED: S/M PROTECT ORDER |
| 10/12/2023 | ORDER: PROTECTIVE ORDER ST GRANT |
| 10/12/2023 | Reset By Agreement Of Both Parties, 10/26/2023 09:30 AM DCM Comprehensive PreTrial Conference |
| 10/26/2023 | |
| 10/26/2023 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 10/26/2023 | MOTION FILED: S/M AMEND INDICTMENT |
| 10/26/2023 | Reset By Agreement Of Both Parties, 3/01/2024 09:00 AM Jury Trial |
| 11/13/2023 | MOTION FILED: MTN DISC EXP WITN |
| 11/13/2023 | MOTION FILED: DEF MTN LIM REG EXT |
| 11/13/2023 | MOTION FILED: THEUS HEARING |
| 11/13/2023 | MOTION FILED: DEF MTN LIMINE |
| 11/13/2023 | MOTION FILED: DEF MTN SUPPRESS |
| 1/31/2024 | ORDER: AMEND INDICTMENT GRANTED |
| 3/1/2024 | |
| 3/1/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 3/1/2024 | Reset By Operation Of Law, 3/05/2024 09:00 AM Jury Trial |
| 3/5/2024 | |
| 3/5/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 3/5/2024 | MOTION FILED: S/M LIMINE |
| 3/5/2024 | MOTION FILED: WITHDRAW ATTY RECORD |

Harris County Criminal District Docket Sheet

| | |
|---|---|
| 3/5/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared in person with Counsel RAY, MAVERICK JOHN. HADDAD, MICHAEL appeared for the State. Court Reporter: Badipour, Louella Judge Presiding: CAROLYN JOHNSON AT 11:00 A.M. COURT CAME TO ORDER ALL PARTIES PRESENT; DEFENDANT FILED A NOTICE TO FIRE ATTORNEY<br>AT 11:02 A.M. DEFENSE BEGINS DISCUSSION<br>AT 11:10 A.M. STATE BEGINS DISCUSSON<br>AT 11:15 A.M. MOTION TO WITHDRAW WAS FILED AT THIS, JUDGE TAKES NO ACTION ON MOTION TO WITHDRAW<br>AT 11:15 A.M. DEFENDANT WOULD LIKE FOR DEFENSE TO STAY ON THE CASE<br>AT 11:17 A.M. COURT IN RECESS |
| 3/5/2024 | Reset By Agreement Of Both Parties, 3/06/2024 09:00 AM Jury Trial |
| 3/6/2024 | |
| 3/6/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel RAY, MAVERICK JOHN. |
| 3/6/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared in person with Counsel RAY, MAVERICK JOH. HADDAD, MICHAEL appeared for the State. Court Reporter: Badipour, Louella Judge Presiding: CAROLYN JOHNSON<br><br>AT 10:06 AM COURT CAME TO ORDER ALL PARTIES ARE PRESENT. JUDGE TO DETERMINE IF THE DEFENDANT CAN REPRESENT HIMSELF. JUDGE FINDS THE DEFENDANT NOT COMPETANT AND HAVE COORDINATOR GIVE DEFENDANT A RESET TO HIRE ANOTHER ATTORNEY. |
| 3/6/2024 | MOTION FILED: DISCOVERY |
| 3/6/2024 | ORDER: WITHDRAW AS ATTORNEY RECORD GRANTED |
| 3/6/2024 | Reset By Court 4/08/2024 09:30 AM Other |
| 4/5/2024 | |
| 4/5/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared without counsel |
| 4/5/2024 | MOTION FILED: ANSWER DA IN LIMINE |
| 4/5/2024 | Reset By Court, 4/12/2024 09:30 AM Other |
| 4/8/2024 | On Docket In Error, 4/05/2024 09:30 AM Other |
| 4/12/2024 | |
| 4/12/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared without counsel Defendant was LATE: 1st occurance. |
| 4/12/2024 | Reset By Court, 4/15/2024 09:30 AM Other |
| 4/15/2024 | |
| 4/15/2024 | JUDGE JOHNSON, KELLI DIANE         ordered MONROY, MARJORIE MUNIZ appointed as Appointed Defense Attorney |
| 4/15/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared without counsel Defendant was LATE: 2nd occurance. |
| 4/15/2024 | Continued 6/14/2024 09:00 AM Jury Trial |
| 4/18/2024 | MOTION FILED: PROSE MOTION COMPEL |
| 4/18/2024 | MOTION FILED: PROSE SANCT PROSECT |
| 6/14/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel MUNIZ, MARJORIE ANN. |
| 6/14/2024 | MOTION FILED: D/M COMPEL SEC NTC |
| 6/14/2024 | ORDER: D/M COMPEL VAUGHN SEC GRANTED |
| 6/17/2024 | |

## Harris County Criminal District Docket Sheet

| | |
|---|---|
| 6/17/2024 | |
| 6/17/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel MUNIZ, MARJORIE ANN. |
| 8/8/2024 | MOTION FILED: S/M LIMINE |
| 8/8/2024 | MOTION FILED: S/M PROTECT ORDER |
| 8/8/2024 | ORDER: PROTECTIVE ORDER ST GRANT |
| 8/16/2024 | |
| 8/16/2024 | |
| 8/16/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel MUNIZ, MARJORIE ANN. |
| 8/16/2024 | MOTION FILED: S/R IN CAMERA PROTEC |
| 8/16/2024 | ORDER: JUDGE ORALLY GRANTED D/M DISCOVERY |
| 8/16/2024 | Defendant:  MITCHELL, ANTHONY CRAIG<br>Defense Counsel: PROSE<br>Interpreter:  WAIVED<br>State:  SIEGLER, KELSEY JACQUELINE<br>Court Reporter:  MARY KAI BRANDENBURG<br>Judge Presiding:   SUSAN BROWN<br><br>AT 11:45 AM COURT PUT MATTERS ON THE RECORD. DEFENDANT ANTHONY CRAIG MITCHELL WAS BROUGHT OUT IN FRONT OF JUDGE SUSAN BROWN. JUDGE SUSAN BROWN TO RULE ON MOTION ON DISCOVERY. JUDGE BROWN GRANTED DEFENDANT'S MOTION ON DISCOVERY FOR STATE TO PRESENT ALL DISCOVERY TO DEFENDANT. |
| 8/19/2024 | |
| 8/19/2024 | |
| 8/19/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel MUNIZ, MARJORIE ANN. |
| 8/19/2024 | MOTION FILED: PROSE MTN DISMISS |
| 8/19/2024 | MOTION FILED: PROSE RECUSE JUDGE |

## Harris County Criminal District Docket Sheet

| 8/19/2024 | Day 1: |
|---|---|
| | Defendant: Mitchell, Anthony Craig<br>Defense Counsel: Mitchell, Anthony Craig<br>Defense Counsel: Muniz, Majorie Anna<br>Interpreter: N/A<br>State: Siegler, Kelsey<br>State: Batchelor, Brett<br>Court Reporter: Louella Badipour<br>Judge Presiding: Jim Anderson<br><br>At 10:24 AM Court put matters on the record and all parties are present. Judge will sentence the defendant if the defendant is found guilty since the defendant has not filed an election of punishment. The defendant is representing himself and sub counsel can only advise defendant on the procedure. Judge will hold for strikes for cause at the end of voir dire. State offered 8 year TDCJ which then the defendant rejected offer.<br><br>At 10:41am Court came to order for trial. A panel of 65 prospective jurors was seated, welcomed and instructed as to the law.<br><br>At 11:39am Court recessed for a short break.<br><br>At 12:01pm State's voir dire began.<br><br>At 12:39pm Defense's voir dire began.<br><br>At 12:45pm strikes for cause & agreements were heard at the bench.<br><br>At 12:59pm Defense made no strikes.<br><br>At 1:03pm State made their strikes.<br><br>Judge ordered Jury not to keep their Juror Cards.<br><br>At 1:10pm a jury was impaneled and admonished to return on 8/20/2024 at 10:15am. The remaining members of the panel were then excused from any further duties. Court then recessed for the day.<br><br>Judge offers 9 year TDC which is objected by defense.<br><br>.<br><br><br><br>At |
| 8/19/2024 | ORDER: S/R IN CAMERA PROTECTIVE GRANTED |
| 8/19/2024 | JURY EXAMINED ON VOIR DIRE |
| 8/20/2024 | |
| 8/20/2024 | |

## Harris County Criminal District Docket Sheet

| | |
|---|---|
| 8/20/2024 | Day 2: |
| | Defendant: Mitchell, Anthony Craig Defense Counsel: Mitchell, Anthony Craig STAND BY Counsel: Muniz, Majorie Anna Interpreter: N/A State: Siegler, Kelsey State: Batchelor, Brett Court Reporter: Louella Badipour Judge Presiding: James Shoemake |
| | At 11:16am Court came to order for trial. All parties are present. The judge swears in the defendant and begins a Faretta hearing to determine if defendant can represent himself. |
| | AT 11:17am Judge begins asking Mitchell, Anthony Craig questions |
| | At 11:39am Judge finds the defendant is competent to represent himself. |
| | At 11:45am Court is in recess. |
| | AT 12:12 P.M. COURT CAME TO ORDER ALL PARTIES PRESENT; DISCUSSIONS WERE HEARD JUDGE HAS ORDERDED DEFENDANT TO GET FINGERPRINTED, JUDGE CONTINUES DISCUSSION AT 12:19 P.M. STAND BY COUNSEL BEGINS DISCUSSION AT 12:20 P.M. STATE BEGINS DISCUSSION AT 12:21 P.M. JUDGE CONTINUES DISCUSSION, JUDGE HAS GIVEN A NEW COURT DATE OF SEPTEMBER 23, 2024 FOR TO SELECT A JURY TRIAL AT 12:28 JUDGE HAS ORDERD DEFENDANT TO RETURN ON  08/30/2024 WITH ATTORNEY PRESENT TO COME IN WITH A HIRED ATTORNEY AT 12:32 P.M. JURY IS AT LUNCH AND ARE DISMISSED FROM FURTHER SERVICES |
| 8/20/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared with counsel MUNIZ, MARJORIE ANN. Defendant was LATE: 3rd occurance. |
| 8/20/2024 | MOTION FILED: WITHDRAW ATTORNEY |
| 8/20/2024 | ORDER: WITHDRAW ATTORNEY GRANTED |
| 8/21/2024 | Voucher #638736 approved , Voucher Signed |
| 8/21/2024 | ORDER: ATTORNEY FEE VOUCHER FEE AMOUNT: $1,775 ViPS Voucher ID: 638736 SNU: 985 |
| 8/29/2024 | |
| 8/29/2024 | |
| 8/29/2024 | Defendant MITCHELL, ANTHONY CRAIG appeared without counsel |
| 8/30/2024 | |
| 9/23/2024 | |



Filed 23 October 11 P10:00
Marilyn Burgess - District Clerk
Harris County
EA001_1915277
By: J FRIESEN

Pgs-5

Cause No. 1817970

OTPOLA
(994)

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 178TH |
| V. | § | DISTRICT COURT |
| MITCHELL, ANTHONY CRAIG | § | OF HARRIS COUNTY, TEXAS |

## STATE'S MOTION FOR PROTECTIVE ORDER

THE STATE OF TEXAS, by and through its Assistant District Attorney, requests that the Court issue a Protective Order concerning confidential information that the State is tendering to defense counsel pursuant to the State's Disclosure Notice, to-wit:

The confidential information provided to the defense by disclosure letter notice regarding witness ISRAEL GONZALEZ on 10/11/2023.

For good cause, the State makes a good faith assertion that the listed information is privileged and confidential to persons unless ruled discoverable under *Brady* and TEX. CODE CRIM. PROC. art. 39.14(h) & (k).

Respectfully submitted,

/s/ Michael Haddad

_____

MICHAEL HADDAD
Assistant District Attorney
Harris County District Attorney's Office
TBC No.

Certified Document Number: 110761563 - Page 1 of 5

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing motion was e-mailed/faxed/hand delivered in court to Defense Counsel on 10/11/2023.

/s/ Michael Haddad

_____

MICHAEL HADDAD
Assistant District Attorney

## DEFENSE ACKNOWLEDGMENT OF RECEIPT IF NOTICE DELIVERED BY HAND

_____          _____
Defense Attorney of Record                Date

NO. 1817970                                                                    IN THE 178TH
STATE'S MOTION FOR PROTECTIVE ORDER                              DISTRICT COURT

Certified Document Number: 110761563 - Page 2 of 5

Cause No. 1817970

| STATE OF TEXAS | § | IN THE 178TH |
|---|---|---|
| V. | § | DISTRICT COURT |
| MITCHELL, ANTHONY CRAIG | § | OF HARRIS COUNTY, TEXAS |

## PROTECTIVE ORDER

Having considered the State's Motion for Protective Order and defense counsel's response, if any, the Court **GRANTS** the State's Motion for Protective Order and **ORDERS** that the following confidential information, being tendered to defense counsel pursuant to TEX. CODE CRIM. PROC. art. 39.14 and/or *Brady v. Maryland*, 373 U.S. 83 (1963), is protected by this Court's Protective Order and the provisions of such order, to-wit:

> The confidential information provided to the defense by Disclosure Letter Notice regarding witness ISRAEL GONZALEZ on 10/11/2023.

I.

The Court **ORDERS** that defense counsel shall use the information subject to the instant Protective Order solely for the purpose of resolving the above-styled case, and defense counsel shall not disseminate or make the above-listed information available in any form to any person other than those persons described below.

II.

The Court further **ORDERS** that the following prohibitions apply to defense counsel and also to any person or entity that receives such information from defense counsel either by lawful or unlawful means:

1. Under no circumstances shall the Confidential Information either orally or in written form be stored into or communicated to any computer, website, database, list serve, email or

Certified Document Number: 110761563 - Page 3 of 5

listed manually in any form. This prohibition does not apply to storage of the Confidential

Information in any computer program or case file maintained specifically by those enumerated in

section 2(a) – 2(d) below.

2. Defense counsel's disclosure of the Confidential Information shall be limited to the

personnel and/or classification of the following persons:

> a. counsel for any party to this action;

> b. staff personnel employed by counsel for any party or by the District Attorney's Office;

> c. the Court and its personnel, in connection to the instant case;

> d. experts or consultants retained in preparation for the trial in this case; and,

> e. pursuant to TEX. CODE CRIM. PROC. art. 39.14(f), the defendant, a witness, or prospective witness *viewing* such Confidential Information.

3. Defense counsel shall redact the address, telephone number, driver's license number,

social security number, date of birth, bank account number, or any other identifying numbers

from the Confidential Information before allowing the defendant, a witness, or a prospective

witness to *view* the Confidential Information. TEX. CODE CRIM. PROC. art. 39.14 (f).

4. Defense counsel shall not provide a copy of the Confidential Information to the

defendant, a witness, or a prospective witness. TEX. CODE CRIM. PROC. art. 39.14 (f).

5. Defense counsel, prior to disclosure of the Confidential Information, shall advise those

individuals to whom disclosure will be made of the provisions of this Protective Order, and

defense counsel shall obtain the agreement of such individuals that they will be bound by the

terms of this Protective Order. Defense counsel shall not disclose this Confidential Information

to any individual who does not agree to be bound by this Protective Order.

NO. 1817970
PROTECTIVE ORDER

IN THE 178TH
DISTRICT COURT

Certified Document Number: 110761563 - Page 4 of 5

6. Persons and entities who receive any Confidential Information released to defense counsel pursuant to this Protective Order shall not further disseminate such Confidential Information and shall not refer to such Confidential Information in any court proceeding in any case other than the instant case, except under further order of this Court.

7. All copies of any Confidential Information shall be subject to the terms of this Protective Order.

8. This Protective Order, and the obligation of all persons hereunder, including those relating to the disclosure and use of the Confidential Information, shall not terminate at the conclusion of this case but shall remain in full force and effect. This court will retain jurisdiction to enforce this order even after the initial matters in this litigation have been terminated by dismissal or judgment.

9. Nothing in this Order is intended to prevent authorized individuals from having access to the Confidential Information to which they would have had access in the normal course of their duties.

III.

The Court finds that violation of this Protective Order may subject defense counsel to prosecution for contempt of court, pursuant to TEX. GOV'T CODE 21.002.

Signed this _____ day of _____, 20____.


Signed:
10/12/2023
_____
JUDGE PRESIDING

NO. 1817970
PROTECTIVE ORDER

IN THE 178TH
DISTRICT COURT

Certified Document Number: 110761563 - Page 5 of 5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>August 30, 2024</u>

Certified Document Number:        <u>110761563</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/10/2023 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81536927
By: J Friesen
Filed: 11/10/2023 5:16 PM

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## MOTION FOR DISCLOSURE OF EXPERT WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANTHONY CRAIG MITCHELL, in the above-styled and referenced cause, by and through their attorney of record, and moves the Court to order the State to provide counsel with the name and address of each person it may use at trial to present evidence under Tex. R. Evid. 702 [Testimony by Experts], Tex. R. Evid. 703 [Bases of Opinion Testimony by Experts] and Tex. R. Evid. 705 [Disclosure of Facts or Data Underlying Expert Opinion].

Defendant further requests that said disclosure be provided notice to undersigned counsel, no later than ten (10) days prior to the date set for jury trial.

WHEREFORE PREMISES CONSIDERED, Defendant prays the Court will grant this Motion and enter its Order accordingly.

Respectfully submitted,

/s/ Maverick J. Ray
MAVERICK J. RAY
SBN: 24080451
811 W. 24th St.
Houston, Texas 77008
Telephone: (281) 947-2007
Facsimile: (713) 714-2225

Attorney for Defendant,
ANTHONY CRAIG MITCHELL

Page 1 of 3

Certified Document Number: 111305703 - Page 1 of 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was served electronically via efiletexas.gov to the Assistant District Attorney handling this case in the 178th District Court, Harris County, Texas on this the 10th day of NOVEMBER 2023.

_/s/ Maverick J. Ray_
MAVERICK J. RAY

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## **ORDER**

On this day came on to be heard the Defendant's Motion for Disclosure of Expert Witnesses, and the court having heard and considered the evidence and arguments of counsel thereon, said Motion is hereby:

GRANTED _____          DENIED _____

SIGNED AND ENTERED on this the _____ day of _____, 20___.


_____
JUDGE PRESIDING

Certified Document Number: 111305703 - Page 3 of 4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maverick Ray on behalf of Maverick Ray
Bar No. 24080451
Adriana@Maverickraylaw.com
Envelope ID: 81536927
Filing Code Description: Motion
Filing Description: MOTION FOR DISCLOSURE OF EXPERT WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.
Status as of 11/13/2023 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Haddad | | HADDAD_MICHAEL@DAO.HCTX.NET | 11/10/2023 5:16:42 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:      111305703

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

11/10/2023 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81536927
By: J Friesen
Filed: 11/10/2023 5:16 PM

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## **DEFENDANT'S MOTION IN LIMINE REGARDING EXTRANEOUS OFFENSES**

TO THE HONORBALE JUDGE OF SAID COURT:

NOW COMES, ANTHONY CRAIG MITCHELL, Defendant, by and through undersigned counsel, and moves prior to jury selection in the above styled cause for the Court to direct the State of Texas, and all witnesses called by the State, not to mention, refer to, interrogate concerning, or otherwise bring to the attention of the jury in any manner any of the following matters without first approaching the bench and obtaining a ruling on its admissibility. This motion is made for the reason that the mere mention of such matters is improper and will harm and prejudice the right of Defendant to a fair trial and that the harm a prejudiced created thereby cannot be cured by an instruction to disregard. The Defendant requests as follows:

1. That prior to the prosecution's attempt to admit any evidence of an extraneous offense (whether or not resulting in a final conviction), misconduct or bad act, admitted during either the State's case-in-chief, rebuttal, or during the punishment phase of trial, the State advise the court outside the presence of its intent outside the hearing of the jury.

2. That prior to the introduction of any aforesaid extraneous offenses, misconduct, bad acts and the like, this Court conduct a hearing outside the presence of the jury, pursuant to Tex. R. Evid. Rule 104(c) to determine the following:

a. Whether the prosecution has provided adequate prior notice of said evidence to the defense pursuant to Tex. R. Evid. 404(b) and 609(f) and Tex. Code Crim. Proc. Art. 37.07,

Sec. 3(g); *and,*

b. Whether the prosecution is able to demonstrate by "clear evidence", *e.g.,* beyond a reasonable doubt that an extraneous offense has, in fact, been committed, and that the Defendant committed said act. Burks v. State, 876 S.W.2d 877, 909 (Tex. Crim. App. 1994) and, Harrell v. State, 884 S.W.2d 154, 158 (Tex.Crim.App.1994)(equating clear proof standard with beyond a reasonable doubt).

3. This Court is obliged to hold a preliminary hearing outside the presence of the jury to make a threshold determination of the existence of, and connection of the defendant to, any extraneous offenses which the prosecution seeks to admit. Mitchell v State, 931 S.W.2d 950, 954 (Tex.Crim.App.1996), and Mann v. State, 13 S.W.3d 89, 94 (Tex. App.-Austin 2000).

Respectfully submitted,

*/s/ Maverick J. Ray*
MAVERICK J. RAY
SBN: 24080451
811 W. 24th St.
Houston, Texas 77008
Telephone: (281) 947-2007
Facsimile: (713) 714-2225

Attorney for Defendant,
ANTHONY CRAIG MITCHELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was served electronically via efiletexas.gov to the Assistant District Attorney handling this case in the 178th District Court, Harris County, Texas on this the 10th day of NOVEMBER 2023.

*/s/ Maverick J. Ray*
MAVERICK J. RAY

Certified Document Number: 111305710 - Page 2 of 4

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## ORDER

CAME on this day for consideration by the Court, the Motion in Limine regarding extraneous offenses. The Court, having considered the motion, the file of this case, the argument of counsel, and any opposing pleading filed in response to the Motion for Limine, hereby finds that the motion has merit with regard to the following requests (as numbered in the Defendant's' motion):

With respect to those requests, the motion is GRANTED. The State of Texas, and all witnesses called by the State, and their attorneys, are hereby directed and ORDERED not to mention, refer to, interrogate concerning, or otherwise bring to the attention of the jury in any manner any of the above matters without first approaching the bench and obtaining a ruling on their admissibility. This motion is made for the reason that the mere mention of such matters is improper and will harm and prejudice the right of Defendant to a fair trial; the harm a prejudiced created thereby cannot be cured by an instruction to disregard. Tex. R. Crim. Evid. 403.

SIGNED AND ENTERED this _____day of _____, 20\_\_\_\_.

_____
JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maverick Ray on behalf of Maverick Ray
Bar No. 24080451
Adriana@Maverickraylaw.com
Envelope ID: 81536927
Filing Code Description: Motion
Filing Description: MOTION FOR DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.
Status as of 11/13/2023 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Haddad | | HADDAD_MICHAEL@DAO.HCTX.NET | 11/10/2023 5:16:42 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        111305710

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

11/10/2023 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81536927
By: J Friesen
Filed: 11/10/2023 5:16 PM

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## **MOTION FOR THEUS HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, ANTHONY CRAIG MITCHELL, the Defendant, through the undersigned lawyer, and files this motion for a *Theus* hearing and would show as follows:

1. *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1993) requires the trial court to consider the factors set forth in *Theus* before permitting impeachment of a witness with prior convictions as permitted under Rule 609. These factors are:

(1) impeachment value of the prior crime – the impeachment value of crimes involving deception is higher than crimes involving violence as the latter have a higher potential for prejudice;

(2) temporal proximity between the prior and present offense -- a recent conviction demonstrates a propensity for law-breaking and weighs in favor of admission;

(3) the similarity between the two offenses -- similarity militates against admission;

(4) the importance of the Defendant's testimony; and

(5) the importance of the credibility issue -- this escalates when the case involves the testimony of only the Accused and the State's witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this motion in all things and furnish a court reporter to make a record in the captioned cause as prayed for herein.

Respectfully submitted,

/s/ Maverick J. Ray
MAVERICK J. RAY
SBN: 24080451
811 W. 24th St.
Houston, Texas 77008
Telephone: (281) 947-2007
Facsimile: (713) 714-2225

Attorney for Defendant,
ANTHONY CRAIG MITCHELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was served

electronically via efiletexas.gov to the Assistant District Attorney handling this case in the 178th

District Court, Harris County, Texas on this the 10th day of NOVEMBER 2023.

/s/ Maverick J. Ray
MAVERICK J. RAY

Certified Document Number: 111305712 - Page 2 of 4

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

### ORDER

On this the _____ day of _____, 20____, came on to be heard the

Defendant's *Theus* Motion and the Court after conducting a hearing and considering the factors

set forth in *Theus* rule that the following convictions are **inadmissible**:

_____

_____,

and the following convictions are **admissible**:

_____

_____.


_____
JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maverick Ray on behalf of Maverick Ray
Bar No. 24080451
Adriana@Maverickraylaw.com
Envelope ID: 81536927
Filing Code Description: Motion
Filing Description: MOTION FOR DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.
Status as of 11/13/2023 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Haddad | | HADDAD_MICHAEL@DAO.HCTX.NET | 11/10/2023 5:16:42 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        111305712

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

11/10/2023 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81536927
By: J Friesen
Filed: 11/10/2023 5:16 PM

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANTHONY CRAIG MITCHELL, the Defendant in the above entitled and numbered cause, and files this Motion in Limine prior to the commencement of trial pursuant to Tex. R. Evid. Rule 103 and requests a hearing hereon prior to the voir dire examination of the jury.

### I. Alleged Prior Convictions of the Defendant and Defense Witnesses

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of prior convictions of the Defendant or defense witnesses in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the conviction involves either a felony or a misdemeanor involving moral turpitude;

2. Whether the Defendant or witness is the same person so previously convicted;

3. Whether the prior conviction is a "final conviction", and no direct appeal therefrom is pending in the State or Federal Appellate Court;

4. Whether the prior conviction resulted in the probation of a sentence which was previously discharged;

5. Whether the prior conviction was obtained at a time when the Defendant was indigent and without counsel and in the absence of an effective waiver of counsel;

6. Whether the State has complied fully with Defendant's request(s) pursuant to Rule 609(f), Texas Rules of Criminal Evidence.

Page 1 of 11

7. Whether the prejudicial effect of impeachment substantially outweighs probative relevance of the prior conviction to the issue of the witness' credibility. Defendant requests the Court to consider the five factors set out in Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992)(en banc):

    a.   the impeachment value of the prior crime;

    b.   the temporal proximity of the past crime;

    c.   the similarity of the past crime and the offense being prosecuted (where applicable);

    d.   the importance of the witnesses' testimony; and

    e.   the importance of the credibility issue.

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court order the District Attorney not to mention or allude to Defendant's or defense witnesses' prior convictions or any alleged violations of the law in any manner in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the relevant factors regarding prior convictions as set forth above.

## II. Statements of the Defendant

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any statements of Defendant in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the statement is inadmissible under Tex. Code Crim. Pro. Ann. Art. 38.22.

2. Whether the statement is admissible as res gestae of the offense.

3. Whether the statement is inadmissible as taken in derogation of the right to counsel pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966); Edwards v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, 68 L.Ed.2d 378 (1981); and Minnick v. Mississippi, 111 S. Ct. 486 (1990).

Certified Document Number: 111305715 - Page 2 of 12

4. Whether Defendant was mentally competent at the time of the making of the statement.

5. Whether the statement was extracted from Defendant by promises, fraud, or threats.

6. Whether the prejudice resulting from the admission of the statement substantially outweighs the probative value thereof, Rule 403, Tex. R. Evid.

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court order the District Attorney not to mention, refer to or attempt to elicit in any manner, any statements of Defendant in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the relevant factors regarding any statements of Defendant as set forth above.

### III. Extraneous Unadjudicated Offenses

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of any alleged unadjudicated extraneous crimes, offenses, bad acts, or violations of the law by Defendant in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the alleged extraneous offense has relevance apart from character, Tex. R. Evid. Rules 401, 404; Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990)(en banc).

2. Whether the alleged extraneous offense occurred at a time so remote as to have no relevancy in the instant case.

3. Whether Defendant is the same person as is the perpetrator of the alleged extraneous offense.

4.

5. Whether the alleged extraneous offense is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

6. Whether the prejudicial effect of the admission of the alleged extraneous offense substantially outweighs the probative value thereof, Tex. R. Evid. Rule 403; Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990)(en banc).

Certified Document Number: 111305715 - Page 3 of 12

7. Whether the State has fully complied with Defendant's request pursuant to Rule 404 (b), Texas Rules of Criminal Evidence.

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court order the District Attorney not to mention, refer to or attempt to elicit in any manner, any evidence of alleged extraneous offenses in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the relevant factors regarding alleged extraneous offenses of the Defendant as set forth above.

## IV. Arrests not Resulting in Admissible Final Convictions

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of arrests of Defendant or defense witnesses which did not result in admissible convictions in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof. See Gonzalez v. State, 685 S.W.2d 147 (Tex. Crim. App. 1985), cert. den., 472 U.S. 1009.

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court order the District Attorney not to mention, refer to or attempt to elicit in any manner, any evidence of arrests which did not result in admissible prior convictions, in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the admissibility of same.

## V. Identification of the Accused

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of identification of defendant, whether in court or out of court, in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the witness offering such testimony has personal knowledge of such facts.

2. Whether the circumstances surrounding such identification provide sufficient indicia of reliability.

3. Whether Defendant was afforded counsel under U.S. Const. Amends. VI and XIV.

4. Whether Defendant intelligently, knowingly and voluntarily waived counsel at such identification.

5. Whether such identification procedure violates Defendant's right of confrontation of witnesses under U.S. Const. Amends. VI and XIV, Tex. Const. Ann. Art. I, Sec. 10, and Tex. Code Crim. Pro. Ann. Art. 1.05.

6. Whether such identification procedure was unnecessarily suggestive.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or elicit in any manner, any evidence of identification of Defendant in the presence of the jury until a hearing has been held outside the presence of the jury to determine the relevant factors concerning identification of Defendant as set forth above.

### VI. Post-Arrest Silence of the Accused

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of post-arrest silence by Defendant or defense witnesses, in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof. Defendant would show that his post-arrest silence may not be used against him in his trial, Sanchez v. State, 707 S.W.2d 575 (Tex. Crim. App. 1986); Turner v. State, 719 S.W.2d 190 (Tex. Crim. App. 1986); Doyle v. Ohio, 426 U.S. 610 (1976).

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court orde7r the District Attorney not to mention, refer to or attempt to elicit in any manner, any evidence

Certified Document Number: 111305715 - Page 5 of 12

of post-arrest silence by Defendant or defense witnesses, in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the admissibility of same.

### VII. Conversations of the Accused with his Attorney

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of Defendant's conversations with counsel, in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof. Inquiring as to Defendant's conversations with his attorney violates the attorney-client privilege, Womack v. State, 834 S.W.2d 545 (Tex. App.-- Houston [14th Dist.] 1992, no pet.); Tex. R. Evid. Rule 503(b).

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court order the District Attorney not to mention, refer to or attempt to elicit in any manner, any evidence of Defendant's conversations with his attorney in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the admissibility of same.

### VIII. Alias Names of the Defendant

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence that Defendant is known by names other than that stated in the indictment herein in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the witness offering such testimony has personal knowledge of such facts.

2. Whether such testimony has relevance apart from mere character conformity, Tex. R. Evid. Rules 401, 403, 404.

3. Whether the inherent prejudice substantially outweighs the probative value, if any there be, Tex. R. Evid. Rule 403.

Certified Document Number: 111305715 - Page 6 of 12

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or elicit in any manner, any evidence of alleged alias names of the Defendant in the presence of the jury until a hearing has been held outside the presence of the jury to determine the relevant factors as set forth above.

## IX. Pleas and Plea Discussions

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence that Defendant entered a plea of guilty or no contest which was later withdrawn, or any plea-bargaining discussions or negotiations in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof, Tex. R. Evid. Rule 410.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or elicit in any manner, any evidence that Defendant entered a plea of guilty or no contest which was later withdrawn, or any plea-bargaining discussions or negotiations in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

## X. Expert Witnesses and Scientific Evidence

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any expert testimony or scientific evidence in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

Expert testimony and scientific evidence is governed by Tex. R. Evid. Rule 702. In Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992), the Court established three factors for admissibility of such evidence: (1) the validity of the underlying scientific theory, (2) the validity

Certified Document Number: 111305715 - Page 7 of 12

of the technique for applying the theory, and (3) that the technique was properly applied in the case on trial. See also Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); E.I. du Pont de Nemours & Co. vs. Robinson, 923 S.W.2d 549 (Tex. 1995).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or elicit in any manner, any expert testimony or scientific evidence in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

## XI. Reports or Statements of State Witnesses

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any written report or statement of any State witness, nor to suggest in any manner that such document ought to be offered in evidence by either party, until a hearing has been held outside the presence of the jury to determine the admissibility thereof. For cause, Defendant would show that an offer of such documents by the attorney for the State would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer.

WHEREFORE, PREMISES CONSIDERED, the prosecutor should be instructed to approach the bench outside the presence of the jury to request a hearing on the admissibility of any such document.

## XI. Referring to a Complaining Witness as a Victim

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, that the complaining witness is a victim, nor to suggest in any manner that such witness is a victim, until a hearing has been held outside the presence of the jury to determine the admissibility thereof. For cause,

Certified Document Number: 111305715 - Page 8 of 12

Defendant would show that an offer of evidence by the attorney for the State would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer.

WHEREFORE, PREMISES CONSIDERED, the prosecutor should be instructed to approach the bench outside the presence of the jury to request a hearing on the admissibility of any evidence.

### XI. Referring to a Complaining Witness as a Victim

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, that the complaining witness is a victim, nor to suggest in any manner that such witness is a victim, until a hearing has been held outside the presence of the jury to determine the admissibility thereof. For cause, Defendant would show that an offer of evidence by the attorney for the State would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer.

WHEREFORE, PREMISES CONSIDERED, the prosecutor should be instructed to approach the bench outside the presence of the jury to request a hearing on the admissibility of any evidence.

### XI. Evidence of Gang Affiliation

Defendant respectfully requests that the Court order the District Attorney not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, that the Defendant or any Defense witnesses are in or affiliated or have markings that are gang related, nor to suggest in any manner that the Defendant or any Defense witnesses are in or affiliated or have markings that are gang related, until a hearing has been held outside the presence of the jury to determine the

admissibility thereof. For cause, Defendant would show that an offer of evidence by the attorney for the State would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer.

WHEREFORE, PREMISES CONSIDERED, the prosecutor should be instructed to approach the bench outside the presence of the jury to request a hearing on the admissibility of any evidence.

Respectfully submitted,

/s/ Maverick J. Ray
MAVERICK J. RAY
SBN: 24080451
811 W. 24th St.
Houston, Texas 77008
Telephone: (281) 947-2007
Facsimile: (713) 714-2225

Attorney for Defendant,
ANTHONY CRAIG MITCHELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was served electronically via efiletexas.gov to the Assistant District Attorney handling this case in the 178th District Court, Harris County, Texas on this the 10th day of NOVEMBER 2023.

/s/ Maverick J. Ray
MAVERICK J. RAY

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## **ORDER**

Upon the foregoing Defendant's Motion in Limine, it is hereby:

ORDERED that said Motion is in all things GRANTED as to sections

_____, and it is further

ORDERED that the attorney for the State not mention, refer to, or attempt to elicit any evidence of such matters in the trial of the cause before first approaching the Court with his intention to do the same, and it is further

ORDERED that the attorney for the State instruct his witnesses as to the terms of this order in Limine, and it is further

ORDERED that all relief not granted herein is denied.

SIGNED this _____ day of _____, 20____.


_____
JUDGE PRESIDING

Certified Document Number: 111305715 - Page 11 of 12

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maverick Ray on behalf of Maverick Ray
Bar No. 24080451
Adriana@Maverickraylaw.com
Envelope ID: 81536927
Filing Code Description: Motion
Filing Description: MOTION FOR DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.
Status as of 11/13/2023 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Haddad | | HADDAD_MICHAEL@DAO.HCTX.NET | 11/10/2023 5:16:42 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>August 30, 2024</u>

Certified Document Number:      <u>111305715</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/10/2023 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81536927
By: J Friesen
Filed: 11/10/2023 5:16 PM

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO SUPPRESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, by and through undersigned counsel, and respectfully moves this Honorable Court to hold a hearing on this Motion prior to trial and outside the presence of the jury and thereafter suppress any and all evidence seized or obtained as a result of illegal acts on behalf of the State in this criminal prosecution that violated the Defendant's rights as guaranteed under both the federal and state constitutions and under state statutes. In support thereof, the Accused would show:

### I.

The requested hearing is required by the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. arts. 28.01 (6) and 38.22 (6).

### II.

A hearing outside the presence of the jury is necessary in order to keep the jury from being prejudiced by inadmissible evidence. Such prejudice would result in the Accused being denied a right to a fair trial. U.S. Const. Amends. VI and XIV, 2; Tex. Const. art. 1, 10, 15, and 19; Tex. Code Crim. Proc., arts. 1.04, 1 .05, and 1. 12; *Jackson v. Denno*, 378 U. S. 363 (1964); *Reed v. State*, 517 S.W. 2d 817 (Tex. Crim. App. 1975).

Certified Document Number: 111305716 - Page 1 of 9

## III.

A hearing is also necessary to adequately protect the Accused 's right to be free from compulsory self-incrimination and to ensure that any evidence sought to be admitted is not the fruit of primary illegality. U.S. Const. Amends. IV, V, and XIV 2; Tex. Const. art. 1, 9, 10, and 19; Tex. Code Crim. Proc. arts. 1.04, 1.05, 1.06,38.21, and 38.23: *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

## IV.

Counsel for the Accused will not be able to effectively represent him without an opportunity to test the admissibility of evidence that will be offered by the State.

## V.

The State of Texas, as a governmental unit, has the burden of proving the lawfulness of a warrantless search and seizure, Coolidge v. New Hampshire, 403 U.S. 443 (1971), and that any alleged statements or acts of the Defendant that were the products of custodial interrogation meet the requisites of *Miranda v. Arizona*, 384 U. S. 436 (1966) and Article 38 .22, Tex. Code Crim. Proc.

## VI.
## ILLEGAL DETENTION, SEARCH AND SEIZURE

The seizure of the Accused was made without any reasonable suspicion that he was engaged in criminal activity. The acquisition of the evidence that will be offered by the Government in this cause was not pursuant to a reasonable investigative detention, not pursuant to an arrest warrant, was absent exigent circumstances, valid third-party consent, and made without probable cause to believe the Accused was engaged in criminal activity.

Certified Document Number: 111305716 - Page 2 of 9

## VII.

The acquisition of the evidence that the Government will offer in this cause was not pursuant to a valid search warrant, was absent exigent circumstances, and made without probable cause to believe the Accused was engaged in criminal activity or that such evidence, if any, was in danger of being destroyed.

## VIII.

Any statements and acts allegedly made by the Accused in connection with this detention, search, and seizure, and any tangible or other evidence seized or acquired then, or at any later time as a result of said statements or acts, are the products of the illegal detention, arrest, and search and are therefore the direct result of illegal police procedures.

## IX.
## ILLEGAL CUSTODIAL INTERROGATION

Any statements allegedly attributed to the Accused were made as a result of illegal custodial interrogation, without proper warning, *Miranda v. Arizona*, 384 U.S.436 (1966) and Art. 38.22 of the Texas Code of Criminal Procedure, and absent any public safety exception, *New York v. Quarles*, 104 S. Ct. 2626 (1984).

The Defendant respectfully moves this Court to suppress the oral recorded statement of the Defendant, all written statements of the Defendant reduced to writing, any and all videotaped statements of the Defendant, and any and all oral statements, admissions or confessions of acts amounting to statements alleged to have been made by the Defendant, and as grounds thereof, the Defendant would show the following:

## A.

1.) The statement of the Defendant was obtained by an illegal arrest, without probable cause.

2.) There was no knowing and intelligent waiver of their rights to remain silent and to

Certified Document Number: 111305716 - Page 3 of 9

counsel under the Fifth, Sixth, and Fourteenth amendments to the United States Constitution, Article I, Section 10, Texas Constitution, and Article 1.05 and Article 38.22 of the Texas Code of Criminal Procedure.

3.) The statement of the Defendant was taken without a knowing, intelligent and full and complete understanding of their rights, as required by *Miranda*, and Article 38.22 of the Texas Code of Criminal Procedure.

4.) The statement of the Defendant was not freely and voluntarily made by the Defendant, in that the officers to whom the statement was made used threat, force, misstatement, deception and trickery to get the Defendant to make the statement, in that they used physical violence or threats of physical violence against the Defendant to induce the statement, and they implied to Defendant that making a statement would result in leniency.

**B.**

A hearing is required to determine the voluntaries of the statement which the police claim the Defendant voluntarily made to them. Art. 38.22, § 6, TEX. CRIM. PROC. The Defendant respectfully prays that this Honorable Court hold a hearing under *Jackson v. Denno*, 78 U. S. 368, 84 S. Ct. 1774, 12 L Ed.2d 908 (1964) prior to trial and/or outside the presence of the jury hearing the trial on the merits to determine the admissibility of the evidence sought to be suppressed

**C.**

A hearing outside the presence of the jury is necessary to present the jury from being prejudiced by inadmissible evidence, the admission of which would result in the denial of the Defendant's right to a fair trial, right to be free from compulsory self-incrimination, and right to effective assistance of counsel. Article I, Sec. 10, 15, 19, Texas Constitution; Article 1.04, 1.05,1.12, 38.21, 38.22, 38.23, Texas Code of Criminal Procedure.

**XI.**
**DENIAL OF COUNSEL**

The Accused was not afforded meaningful access to counsel at a time when critical decisions involving their constitutional and statutory rights were being made. *U.S. v. Wade*, 388

U.S. 218 (1967). Any oral, written, or electronically recorded statements and acts allegedly made by the Accused were improper as they were elicited through illegal police interrogation after the Defendant had requested assistance of counsel. *Edwards v. Arizona*, 451 U.S. 477 (1981).

## XIV.
## NO CONSENT

The acquisition of the evidence that the State will offer in this cause was made without the Accused 's consent and was made without the valid consent of any third party.

## XV.

The Defendant did not intelligently, voluntarily, and knowingly consent to or authorize anyone to consent to the warrantless entry upon and search by police of any business premises and/or property.

## XVI.

Because of the foregoing reasons and others that may be adduced upon a hearing of this matter, the admission of the statements and acts of the Defendant and of the seized and derivative evidence would violate the Accused 's statutory and constitutional guarantees against self-incrimination, U.S. Const. Amends. IV, V, and XIV; Tex. Const. art. 1 9, 10; Tex. Code. Crim. Proc. Arts. 1.05, 1 .06, 38 .21, 38. 22, and 38 .23, against unreasonable searches and seizures, U.S. Const. Amend. IV; Tex. Const. art. 1§ 9; Tex. Code Crim. Proc. arts. 14 and 15; to effective assistance of counsel, U.S. Const. Amend. VI; Tex. Const. art. 1 Section 10; to a fair trial, U.S. Const, Amend. VI; Tex. Const. art. 1 section 10 and Tex. Code Crim. Proc. arts. 1 .27, 38.01, and 38 .02; and their statutory rights under Tex. Occupations Code Ann., chapter 1956.

Certified Document Number: 111305716 - Page 5 of 9

## XVII.
## REQUEST FOR FORMAL FACT FINDING

The Defendant specifically requests the Court make a fact finding on the arrest, search and seizure of the evidence complained of in this motion and for any adverse ruling on Defendant 's motion seeking the suppression of evidence.

WHEREFORE, PREMISES CONSIDERED, the Accused prays that this Motion be granted and that the Court:

1. Instruct the prosecutor and all the State witnesses not to refer, testify, or in any manner allude to oral or written statements allegedly made by the Accused until their admissibility has been determined;

2. Make required findings of fact and law as required by statute and constitutional authority before the submission of evidence to the jury; and

3. Order such other relief as may be deemed equitable a necessary.

Respectfully submitted,

/s/ Maverick J. Ray
MAVERICK J. RAY
SBN: 24080451
811 W. 24th St.
Houston, Texas 77008
Telephone: (281) 947-2007
Facsimile: (713) 714-2225

Attorney for Defendant,
ANTHONY CRAIG MITCHELL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Motion was served electronically via efiletexas.gov to the Assistant District Attorney handling this case in the 178th District Court, Harris County, Texas on this the 10th day of NOVEMBER 2023.

*/s/ Maverick J. Ray*
MAVERICK J. RAY

CAUSE NO. 1817970

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHONY CRAIG MITCHELL | § | 178th JUDICIAL DISTRICT |

## **ORDER**

On this day Defendant 's Motion to Suppress came on to be heard and having heard the evidence and argument of counsel, it is the opinion of this Court that the Defendant's Motion should be and is, hereby:

_____        GRANTED.

_____        DENIED, to which Defendant hereby accepts.

ENTERED this \_\_\_\_\_ day of _____, \_\_\_\_.

_____

JUDGE PRESIDING

Certified Document Number: 111305716 - Page 8 of 9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maverick Ray on behalf of Maverick Ray
Bar No. 24080451
Adriana@Maverickraylaw.com
Envelope ID: 81536927
Filing Code Description: Motion
Filing Description: MOTION FOR DISCLOSURE OF EXPERT
WITNESSES PURSUANT TO ART. 39.14(b), TEX. CODE CRIM. P.
Status as of 11/13/2023 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Haddad | | HADDAD_MICHAEL@DAO.HCTX.NET | 11/10/2023 5:16:42 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   <u>August 30, 2024</u>

Certified Document Number:   <u>111305716</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal**
**please e-mail support@hcdistrictclerk.com**

FILED
Marilyn Burgess
District Clerk

APR 0 5 2024

Time: _____
By _____ Harris County Texas
Deputy

IN THE 178th DISTRICT COURT
Harris County Texas

STATE OF Texas           §      CASE NO. 181797001010
**ACCUSER**              §
                         §
                         §
V.                       §      Answer Prosecution
                         §      Motion In Limine
                         §
                         §
Mitchell, Anthony Craig  §
**ACCUSED**              §
                         §      Judge TBD

## Answer to Prosecution Motion in Limine

### INTRODUCTION

The Accused within this matter is formally responding to the filed Motion in Limine by the prosecution as follows:

1. Any past convictions of the Accused should not be allowed if the Accused does not actually take the stand to which ones character may be impeached as required by law and Texas statutes on cross examination as well as character evidence admissibility

2. The striking or requesting an undetermined notion of whether the accused is the actual individual that an action has been settled upon or a witness is an open admission of lack of actual evidence and should not be allowed by this court, and is a clear admission of a malicious prosecution and a violation of due process

3. Same as above

4. Same as above

5. Same as above

6. As to the current date of 3 April 2024, the State has yet to fully comply with the request of the Accused as pursuant to Texas Rules of Criminal Evidence and Discovery.

### Remedy

The accused request this court grant the request of the accused to protect the appearance of a fair trail and the protection of the Due process of law.

Respectfully Submitted

By: Anthony Craig Mitchell



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        113757672

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

**FILED**
Marilyn Burgess
District Clerk

APR 0 5 2024

Time:
Harris County, Texas
By

IN THE 178th DISTRICT COURT
Harris County Texas

| | | |
|---|---|---|
| STATE OF Texas **ACCUSER** | § § § § | CASE NO. 181797001010 |
| V. | § § § | Answer Prosecution Motion In Limine 5 March 2024 |
| Mitchell, Anthony Craig **ACCUSED** | § § | |
| | | Judge TBD |

## Answer to Prosecution Motion in Limine 5 March 2024

**INTRODUCTION**

The Accused within this matter is formally responding to the filed Motion in Limine by the prosecution as follows:

1. The accuse acknowledges the prosecution has filed multiple Motions in Limine
2. The Accused acknowledges and concedes to not asking any question regarding moneys earned by an officer by testifying in court
3. The Accused acknowledges but does not consent to records or Internal Investigation or criminal complaints nor any police or attorney character evidence, also known in law as Giglio or Brady List material, not being made available to the Accused as requested, and required.
4. The Accused acknowledges but does not consent to not speaking directly to the character of any and all witnesses against him as allowed by law. Thus stating, if the state's witnesses have history that is not favorable to the state before a jury, the prosecution should as a matter of law in the interest of justice, withdraw from this matter, and dismiss it res judicata forthwith.

**Remedy**

The accused request this court grant the request of the accused to protect the appearance of a fair trail and the protection of the Due process of law.

Respectfully Submitted

By: Anthony Craig Mitchell



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        113757673

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**FILED**
Marilyn Burgess
District Clerk

APR 17 2024

Time:_____
Harris County, Texas

By_____
          Deputy

IN THE 178TH DISTRICT COURT
HARRIS COUNTY TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS<br>ACCUSER<br><br>V.<br><br><br><br>Mitchell, Anthony Craig<br>ACCUSED | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Motion to Compel<br>Vaughn Motion<br><br><br><br><br>Case No:181797001010 |

## MOTION TO COMPEL – VAUGHN MOTION

Complaint

**I. INTRODUCTION**

This is to service as NOTICE that discovery has been requested previously on 6 March 2024 via certified mail and was signed for as received and acknowledged more than 30 days previous without being supplied the requested information pertaining to the above noted allegations cited for

Texas Criminal Procedures Discovery requires as soon as possible after a request has been received that the state shall produce and permit the inspection and the electronic duplication, copying, and photographing , by or on behalf of the defendant of any

- 1) Offense reports

- 2) Any designated documents

- 3) Papers

- 4) Written or recorded statements of defendant or witnesses / including those made by law enforcement

- 5) Designated books

- 6) Accounts

- 7) Evidence material to any involvement in the action (Crime)

- 8) Witness information / including Officer Giglio information as it is the officer's signed affidavit (Police Report) that the prosecutor within this matter is using as evidence to bring these CHARGES, the officer's personnel records, disciplinary actions, civilian complaints, legal actions,

Certified Document Number: 113986259 - Page 1 of 3

Certified Document Number: 113986259 - Page 2 of 3

and any and all reprimands are subject to inspection.

Brady v Maryland 373 US 83 (1983) Withholding of evidence (as the prosecution is doing in this matter) violates DUE PROCESS, where the evidence is material either to guilt or to innocence. It has been clearly established that prosecutors have an affirmative duty, as a matter of constitutional law, to disclose all known exculpatory evidence to the accused in a criminal proceeding. If the prosecution suppresses evidence (as it appears is being done in this matter) favorable to the accused, it violates the accused's right to due process as guaranteed by the fourteenth amendment to the United States Constitution. Youngblood v West Virginia 547 US 867 (2005) Brady is violated when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor.

The Accused moves this court for an order requiring the Prosecution to provide immediately after service of this complaint in this matter, an itemized, indexed inventory of every agency record or portion thereof responsive to Plaintiff's request which is requested for disclosure to put together a Fair and Proper defense, and any information the prosecution deems exempt or exculpatory in regards to this matter, a written explanation from the state's attorney general as required by law of why/ how within a detailed justification statement covering each refusal to release records or portions thereof in accordance with the indexing requirements of Vaughn v Rosen, 484 F2d 820 (D.C. Cir. 1973) 415 US 877 (1974) and the Freedom of Information Act 1966 As I am requesting MY OWN RECORDS, and nothing requested by The Accused falls under the 1976 Government in the Sunshine Act because:

1) No record being requested is relating to the National Defense
2) No record is solely related to internal personnel rules and practices
3) No record is directly accusing someone of a crime
4) No record is information where disclosure would breach their privacy because the records requested are of public records.
5) No record will harm or delay the proceedings and in fact could prove to speed this matter along to a conclusion where the absent could serve to prolong them.
6) No record will lead to financial speculation or endanger the stability of any lawful financial institution

Cause of action
This matter is brought before this court under 5 USC § 552 Freedom of Information Act as this information is relevant and helpful to the defense in this matter. See:

• Vaughn v Rosen, 484 F2d 820 (D.C. Cir. 1973) 415 US 877 (1974)
• 1976 Government in the Sunshine Act
• Washington v. Texas and
• Chambers v. Mississippi,

The defendant has a fundamental right in requested discovery to access and evaluate any and all evidence in order to prepare a defense a defense of ones life, liberty, reputation, property and happiness. In the pursuit of justice to remain innocent until proven guilty. The accused request this court again order the prosecution to turn over all requested evidence as required by law and the statutes of the state of Texas immediately.

Certified Document Number: 113980239 - Page 3 of 5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        113986259

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EN14-984

P2

IN THE 178TH DISTRICT COURT
HARRIS COUNTY TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | Case NO. 181797001010 |
| **ACCUSER** | § | |
| | § | |
| | § | **FILED** |
| | § | Marilyn Burgess |
| V. | § | District Clerk |
| | § | APR 1 7 2024 |
| | § | Time:_____ |
| | § | Harris County, Texas |
| Mitchell, Anthony Craig | § | **Motion for Sanctions For** By _____ |
| **ACCUSED** | § | **Michael Haddon & Kim Ogg** Deputy |

## MOTION for Sanctions on the prosecuting attorney for Failure to make Discovery

In accordance with Texas Statutes Criminal Procedure 39.14 Discovery and inspection, The defense has previously and formally requested in writing a detailed Discovery (more than 30 calendar days prior) from the Prosecution (Michael Haddon and District Attorney Kim Ogg) who chose to prosecute this matter and has yet to receive anything requested nor a written statement from the States Attorney General as required by law, Due Process, Good Faith and clean hands on behalf of the prosecution within this matter.

**Law and argument**

As shown by the United States Supreme Court Ruling "Due process requires that when governmental agencies that adjudicate or make binding determinations which directly affect legal rights of individuals, they use procedures which have traditionally been associated with judicial process." Amos Treat & Co. v. Securities & Exchange Commission, 306 F. 2d 260 (1962), the defense within this matter contends that not applying sanctions within this matter would be a direct acceptance of violations that are required within any criminal adjudication in this State and Nation. The defense within this matter is maintaining complete innocence within this matter and it is the Duty of the Prosecution to produce actual evidence of guilt to support the allegations, to which at this time, the prosecution has FAILED to do so.

There has not been any written rulings nor written determination from the Texas State Attorney General as to NOT allow the turning over of Discovery, thus making the more than 60 days of refusing full disclosure of discovery a violation worthy of court issued sanctions.

Michael Haddon has made several attempts at circumventing the law by openly making threats against self representation even after an entry of appearance motion had been filed into this matter illustrating the ability to exercise the constitutionally protected right of self representation. Michael Haddon has attempted on a number of occasions to have ex parte conversations with the sitting judge within this matter. Michael Haddon has made several attempts to move this matter forward without turning over requested discovery.

Certified Document Number: 113986260 - Page 1 of 2

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.



**Remedy**

As required by Texas Organic code, a complete disclosure of discovery be turned over to the defendant upon request immediately, or a written statement which compiles with the Open Government Act of 2007 stating the reason this information is not being turned over to offer the appearance of a fair trial and the opportunity for a vigorous defense as required by the state of Texas, and sanctions be imposed on the prosecution (Michael Haddon And District Attorney Kim Ogg) for failing to make discovery available as required by the very law they state they are sworn to uphold while abiding by The United States of America Constitution and American Bar Association Rule 3.8 (Prosecutor in a criminal case shall (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause) and the Constitution of the State of Texas, as to no presumptions are allowed within a matter to which ones liberty is at stake, being all human beings have the God given right to be Presumed INNOCENT until PROVED guilty by evidence supporting an accusation.

Respectfully Submitted



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        113986260

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



P2

**IN THE 178TH DISTRICT COURT**
**HARRIS COUNTY TEXAS**

|   |   |   |
|---|---|---|
| STATE OF TEXAS | § | |
| ACCUSER | § | Motion to Compel |
| | § | Vaughn Motion |
| V. | § | |
| | § | |
| | § | |
| | § | |
| Mitchell, Anthony Craig | § | Case No:181797001010 |
| ACCUSED | § | |

## <u>MOTION TO COMPEL – VAUGHN MOTION</u>
### <u>Second Notice</u>

<u>Complaint</u>

## I. INTRODUCTION

This is to service as NOTICE that discovery has been requested previously on 6 March 2024 via certified mail and was signed for as received and acknowledged more than 98 days previous without being supplied the requested information pertaining to the above noted allegations cited for

Texas Criminal Procedures Discovery requires as soon as possible after a request has been received that the state shall produce and permit the inspection and the electronic duplication, copying, and photographing , by or on behalf of the defendant of any

- 1) Offense reports

- 2) Any designated documents

- 3) Papers

- 4) Written or recorded statements of defendant or witnesses / including those made by law enforcement

- 5) Designated books

- 6) Accounts

- 7) Evidence material to any involvement in the action (Crime)

- 8) Witness information / including Officer Giglio information as it is the officer's signed affidavit (Police Report) that the prosecutor within this matter is using as evidence to bring these

Certified Document Number: 114984061 - Page 1 of 2

CHARGES, the officer's personnel records, disciplinary actions, civilian complaints, legal actions, and any and all reprimands are subject to inspection.

**Brady v Maryland 373 US 83 (1963)** Withholding of evidence (as the prosecution is doing in this matter) violates DUE PROCESS, where the evidence is material either to guilt or to innocence. It has been clearly established that prosecutors have an affirmative duty, as a matter of constitutional law, to disclose all known exculpatory evidence to the accused in a criminal proceeding. If the prosecution suppresses evidence (as it appears is being done in this matter) favorable to the accused, it violates due process as guaranteed by the fourteenth amendment to the United States Constitution. **Youngblood v West Virginia 547 US 867 (2006)** Brady is violated when the government fails to turn over even evidence that is known only to police investigators and not to the prosector.

The Accused moves this court again for an order requiring the Prosecution to provide immediately after service of this complaint in this matter, an itemized, indexed inventory of every agency record or portion thereof responsive to Plaintiff's request which is requested for disclosure to put together a Fair and Proper defense, and any information the prosecution deems exempt or exculpatory in regards to this matter, a written explanation from the state's attorney general as required by law of why/ how within a detailed justification statement covering each refusal to release records or portions thereof in accordance with the indexing requirements of Vaughn v Rosen, 484 F.2d 820 (D.C. Cir. 1973) 415 US 977 (1974) and the Freedom of Information Act 1966 As I am requesting MY OWN RECORDS, and nothing requested by The Accused falls under the 1976 Government in the Sunshine Act because:

1) No record being requested is relating to the National Defense
2) No record is solely related to internal personnel rules and practices
3) No record is directly accusing someone of a crime
4) No record is information where disclosure would breach their privacy because the records requested are of public records.
5) No record will harm or delay the proceedings and in fact could prove to speed this matter along to a conclusion where the absent could serve to prolong them.
6) No record will lead to financial speculation or endanger the stability of any lawful financial institution

<u>Cause of action</u>
This matter is brought before this court under 5 USC § 552 Freedom of Information Act as this information is relevant and helpful to the defense in this matter. See:

- Vaughn v Rosen, 484 F.2d 820 (D.C. Cir. 1973) 415 US 977 (1974)
- 1976 Government in the Sunshine Act
- Washington v. Texas and
- Chambers v. Mississippi,

The defendant has a fundamental right in requested discovery to access and evaluate any and all evidence in order to prepare a defense of ones life, liberty, reputation, property and happiness, in the pursuit of justice to remain innocent until proven guilty. The accuses request this court again order the prosecution to turn over all requested evidence as required by law and the statutes of the state of Texas immediately.

Respectfully Submitted

By: Anthony-Craig-Mitchell



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 30, 2024

Certified Document Number:        114984061

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

**FILED**
Marilyn Burgess
District Clerk

MAR 0 6 2024

Time:_____
Harris County, Texas
By_____
Deputy

IN THE 178th DISTRICT COURT
Harris County Texas

STATE OF TEXAS §           Case number : 181797001010
**ACCUSER** §
§
§
V. §
§
§           Motion for Discovery
§
Mitchell, Anthony Craig §
**ACCUSED** §
JUDGE TBD

## MOTION for Discovery

In accordance with Texas code of criminal procedure 39.14 The defense is formally requesting a detailed Discovery from the Prosecution 10 days prior to trial as stated within the statute that the prosecution is bound by.

### Law and argument

1) Any and all audio associated with the above stated citation(s), to include:
   a. Any and all communications made to and from all officers on the scene. This would include the call for the officer to report to the scene, the emergency call made to request police services, calls made and received by the officer during the first contact with the accused
   b. Any and all video associated with the above stated charges1) to include:
2) the dash camera video of the initial officer making first contact, any and all officer body camera footage in an unaltered state
3) Copies of each officer's sworn statements of the scene (I.E. Each officer's Police report as required by law and Due Process of LAW)
4) Complete witness contact list of those that may or may not be called to testify to accounts of this matter
5) Copy of the dispatch records regarding the communications relating to the above stated matter.
6) The application for the arrest warrant
7) The arrest Warrant for the accused, IE the date and time of signed, and date and time of verification, and the date and time of verification that the alleged warrant was active and valid
8) The search warrant application for the search conducted by officers at the scene on the property and person of the accused since no consent was given at the time of the search
9) The signed search warrant for the property of the accused stating the specific items being searched for and the specific places they were to search
10) Copy of the search itemized catalog of all items recovered and recorded by Officers while searching the property belonging to the accused

11) Copy of the scene log as to detail the exacts which required the arrest of the accused

12) Copies of each witness sworn statement signed under penalty of perjury

13) Giglio request for each deputy involved within this matter:

 to include but not limited to

A)  Department reprimands,

B)  civilian complains,

C)  any and all pending & Concluded lawsuits against each deputy,

D)  any and all disciplinary actions,

E)  any and records of potential perjury while testifying in open court.


This is important for a proper defense of these accusations, and no record being requested is restricted by Texas code of criminal procedure 39.14 nor the Government in the Sunshine Act and is in accordance with Federal law.

### Brady v Maryland 373 US 83 (1963)

The Court in *Brady* held that a prosecutor commits a Due Process violation, requiring reversal of a conviction, when it is shown that the prosecutor withheld favorable, *material* evidence.

A criminal defendant has a constitutional right to disclosure of exculpatory evidence that is material to guilt or punishment.'

"suppression by the prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

### Mooney V Holohan 294 US 103 (1935)

Non disclosure by a prosecutor violates due process

### United States v Blanco, 03-10390, (2004) US App Lexis 26815, 392 F 3d 382 (9th Cir 2004)

Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it...

The requested information is to impeach the STATES witness against the accused, to see if there is a TRUE witness against the accused.

Exculpatory evidence includes evidence reflecting on whether witnesses against the accused are credible, which might be used by the defendant's attorney at trial for purposes of impeachment.

### Giglio v United States 450 US 150 (1972)

### Remedy

As required by Texas code of criminal procedure 39.14, a complete disclosure of discovery be turned over to the defendant upon request promptly, or a written statement which complies with the Open Government Act of 2007 stating the reason this information is not being turned over to offer the appearance of a fair trial and the opportunity for a vigorous defense as required by the state of Mississippi, The United States of America Constitution and American Bar Association, as to no presumptions are allowed within a matter to which ones liberty is at stake, being all human beings have the God given right to be Presumed

INNOCENT until PROVED guilty by evidence supporting an accusation, within 10 business days prior to trial as stated within the Texas code of criminal procedure 39.14

Respectfully Submitted


By: Anthony Craig Mitchell